In the Interest of Marquis I, a minor. Would the lawyers please approach and identify yourselves for the record? My name is Emily Filpi and I represent Marquis. My name is Whitney Bond and I'm the Assistant State Attorney representing the people of the state of Milwaukee. All right, thank you both. I apologize for the late commencement, but if you were here, you understand, at least in some degree, why we're delayed with the previous case. Ms. Filpi. This morning I'll be focusing my comments on the second issue raised in the briefs. The Extended Juvenile Jurisdiction Statute, or EJJ statute, requires that a designation hearing be held within 30 or 60 days after the state files an EJJ designation motion. In this case, the state filed its motion for EJJ designation on May 5th, even though the prosecutor knew that he wasn't ready for the hearing yet. Because the state was not ready, the hearing was not held until 99 days later on August 12th. The EJJ statute puts an extremely light burden on the state to obtain EJJ. First of all, the state may file, at any time prior to trial, the EJJ designation motion. So doesn't that suggest that maybe this is not a mandatory requirement, but really directory, when they could withdraw their motion and then file it again? Although they could withdraw it and file it again, I mean, I think when you look at the language of the statute, the intent of the legislature behind the JCA, and the potential consequences, I think that shows that this is indeed a mandatory provision. But if time was of the essence to protect the rights of the individual, isn't that inconsistent with the ability to withdraw and refile? Because for the body of the minor, the effect would be exactly the same as what occurred here, had they withdrawn it and refiled it. You have to remember that, I mean, the burden is so low on the state. I mean, all they have to do is show probable cause. I understand that. Right. But that doesn't really answer my question. We're talking about, I mean, you can boil this whole case down to mandatory or directory. And there are all these different standards that we are to apply. And I think what we're asking at this point, if the net effect that your client has experienced in this case could have been achieved through the simple use of a withdrawal and a refiling, how has it really changed the circumstances that your client would have to deal with? I mean, the statute only talks about commencing the hearing. And if the state starts, you know, gaming the system or filing and withdrawing and filing and withdrawing, I mean, clearly that's against the intent of the statute. I mean, but that's really not what happened here. But when the statute doesn't really have a consequence for failure to adhere, doesn't that also suggest it's merely directory? That's only one of the factors that – What are the other ones? What are the other factors? Well – What ones favor you? Sure. I would first say that the language of the statute itself. I mean, the statute says that the court shall commence a hearing within 30 days. And shall is generally given a mandatory construction, although we know that it can also be given a directory construction. But also in this statute, the legislature used the word may at the beginning when talking about the state's filing of this EJJ designation hearing. And the contrast between the use of the may for the filing of the hearing and the shall for the filing of the motion and the shall for the having of the hearing suggests a mandatory intent because it indicates a purposeful selection of words within the statute and a different intent between the filing, the act of filing, and the holding of the hearing. But also the words of the statute allow for a continuance from 30 to 60 days if good cause is shown. Good cause, you know, this is a tough burden. It's not just asking for a continuance. It shows that a timeline is, in fact, important here. Well, does it matter, then, at all that the parties can agree or did agree, in fact? There's no contest here. Is there that the continuances were agreed to? The deadline is not something that you can waive. It's a mandatory statutory provision, and you can't simply agree to the imposition of an illegal sentence. Well, what is the statute that tells us that they can't agree to a continuance? Do a continuance for 60? For a constitutional violation of the right to speedy trial or even a statutory violation of our statute requiring that an individual be tried within 120 days if they're in custody and 160 if they're out on bond. Even under those circumstances, an agreement tolls any term. Why would it be higher in this case where we have a statutory provision? And this is not like the speedy trial at all. I mean, basically because the language of the two statutes is very different. The language in the speedy trial statute specifically stops the clock when the defendant requests. The language here doesn't allow for that at all. Here the language states that, you know, it only allows for one continuance, and it requires good cause to be shown. What about the prejudice factor that the cases talk about when we look to whether something's mandatory or directory? What prejudice occurred as far as the actual probable cause hearing? The prejudice here is that Markey now has a 23-year adult sentence. Well, that's not what the cases talk about in terms of prejudice. Prejudice means how was he prejudiced at the actual hearing? What was wrong with the probable cause determination? Not whether or not there would be this subsequent proceeding. What was wrong with the probable cause hearing is that at the end, the judge is making this EJJ designation that it's not allowed by the statute to make. I mean, after the 30 or 60 days runs, the court is without the authority to make this designation anymore because the time limit is up. Are you going into your void argument based on the cases that have been essentially abrogated by the Supreme Court decision? Is that what you're suggesting, that somehow this was a void order? It is a void order. I mean, the court loses its authority. Based on what cases that are, you know, viable. Well, I would first say that King did not overrule Champ and Manthis because it dealt with a different statutory provision. It mentions, you know, Champ and Manthis cases. Did the Champ not have jurisdiction here? Are we talking about a court lacking personal and subject matter jurisdiction? No, that's not what we're talking about. We're talking about the court not having authority. We need that to have a void order, don't we? Not necessarily. I mean, what about like ARNA and things? Well, what about the juvenile court case? Okay. The Supreme Court juvenile court case? Mm-hmm. Well, it's like when- Not every year are made by the trial court. MW? MW, it also does no- What about that? I don't have that in front of me right now. I mean, do we really have a void order? Well, MW does acknowledge that the court's power to act exceeds the statutory authority over justiciable matter imposing a sentence that goes beyond the statutory limit. It's void. And also, In re Jamie P., which is also cited in jargon. The question we first addressed is not about a sentencing that he probably has no standing to challenge right now. He hasn't been given the 23-year adult sentence. The question we have is when the court found probable cause, was it ousted of its jurisdiction in the first instance to decide whether or not to proceed under the extended juvenile jurisdiction? Well, in In re Jamie P., the Illinois Supreme Court says that where the court's power to act is controlled by statute, like here, the court must proceed within the statute's strictures, and any action taken by the court that exceeds the statutory power to act is void. And I'd argue that that's exactly what happened here. It's also like when a juvenile is transferred to the adult court yet found guilty of a lesser offense that's not transferable. At that point, the state has X number of days to file a motion that gives the court the authority to then rule and sentence the juvenile as an adult. It's the same sort of thing here. Once the state files the petition, if the state doesn't file the petition, then it's just gone. You need the state to do this before the court has the statutory authority. So the court was ousted then of its jurisdiction? After the 60 days, yes. And at that point, it just doesn't have authority anymore. So it really couldn't do anything. Everything it did was void? After that point, yes. Can you base that on longstanding precedent that the court lost jurisdiction even though it initially had subject matter jurisdiction and personal jurisdiction over the juvenile? The authority that the court had to act was given to it by the EJJ statute. By the EJJ statute or by the Constitution of the state of Illinois? This is the statutory authority that's given to it. But the judge sitting in the juvenile court, you're saying his authority to act is solely related to the juvenile court to act and not the Constitution? Well, the question is does that judge sitting in juvenile court have jurisdiction to start off? And if it doesn't have jurisdiction, then an order can be void. But if it has jurisdiction over the parties, simply because it may violate a statutory provision doesn't oust the court of jurisdiction to act. And not every erroneous order entered is a void order. Most of them are voidable. In fact, I don't know any case that would say that this court didn't have jurisdiction. Because this is a mandatory statutory provision, it's void. I mean, we also see that. Well, then what if it isn't a mandatory statutory provision? What if it's directory? Is it still void? No. Oh, all right. What was the legislature's purpose in establishing this 30- or 60-day window? What was the purpose? Well, we do know the intent, the legislature's purpose in the JCA because there's a purpose and policy statement at the front of that. And that basically notes that juvenile courts are about the minor. It's not about the state's convenience. It says that the purpose is to protect the community, impose accountability for violations of the law, and include juveniles. How does that limited window accomplish that purpose? They also do have a purpose and policy that discusses the duration of the proceedings. It says that the policies of the JCA are designed to effectively minimize the duration of the minor's involvement in the juvenile justice system. I mean, right there, that's saying that speed is a key factor in juvenile courts. You know, and everything tends to move quicker in juvenile courts. But the extent of juvenile jurisdiction wouldn't exist if there wasn't a countervailing consideration by the legislature that in certain cases a minor should lose that type of protection and be subject to the possibility of an adult sentence. And really the question that Justice House just asked you is one that you didn't answer because you moved into the purpose or the intent of the Juvenile Court Act without ever answering the question he asked, which was what was the purpose of this 30- or 60-day window. And I'm sure he, and certainly I, would appreciate an answer to that question. Well, we don't have anything specifically in the statute that says the purpose of this deadline is this. I think it does dovetail with the general purpose and policy that speaks of the essence of this thing. Because while this EJJ hearing is going on and we're waiting for it, it's putting the trial on hold. And so it does, it's this holding cell kind of idea. And I think the reason that there's these 30- and 60-day deadlines is to say, you know what, State, if you're going to ask for this additional adult sentence, in adult prison, in adult court, that you need to do this quickly because we can't just have this idea of this potentially huge sentence hanging over the minor's head indefinitely. Why then isn't there a provision that would require a number of days after the charging of the minor that this has to be filed? Because there is no such provision, is there? No, I submit that that's because this has to be filed after a transfer motion is going to be filed, if that is something that the State is seeking. So if there's going to be a limit on this EJJ, then that would also interfere with the State's ability to try to transfer the juvenile. But also, this 60- and 30-day language is really, really important here because it suggests that there's only one continuance contemplated by the legislature here. They've never said, or any other continuance by the minor or anything that the minor agrees to, any delay occasion by the minor. This language, unlike the Speedy Trial Act, it's just not in this statute. It says that the court shall commence a hearing within 30 days or 60 days. What about those three cases? What statute were they dealing with, and what was the difference in that language in those statutes? And what did King say about your three cases? Those three cases were about what happens when the minor is transferred to adult court, but then... What was the language? It had a negative. It did have a negative. Obviously, that's different than the statute we have right here. What King said about them is King acknowledged them, but King didn't overrule those cases. What did King say then? King talked about the difference about the language of covered in and specified by the offenses that are covered in are specified by the transfer provisions. It didn't go to this notice and hearing deadline. It didn't touch that at all. So the language, though, in those three cases had a negative. It had a negative. But the difference here, too, is that this is such a light burden on the state. The state here, they want this additional adult sentence, and they file this motion to start the clock going. How does the light burden lead us to anything that we need to consider? It's that the state is filing this motion, yet they're not ready to litigate it. They're filing it, and no one really knows if it's mandatory or if it's directory, and that's a big problem, too. In this case... Well, they will after we make a ruling. That's very important, because in this case the trial judge says 60 days have passed,  is that your position here? The judge just doesn't know. Also, when you look at the potential consequences, which is another thing that courts look at... Well, the judge is presumed to know the law. There are certainly many cases out there that could clearly suggest to the court that the language is directory and not mandatory. Well, also, you have to consider that the many cases, many of which are cited by the state in their brief, are adult court, and that is a very different animal than juvenile court. Juvenile court is about the minor. There are different concerns here. It goes quicker. It's concerned about the minor. Adult court, it's just a different animal over at 26th Street than what we have here. And for the state to not be able to prove probable cause, which they can do by proffer in an EJJ hearing, they should be able to do that by a 30- or 60-day deadline. Here we have a situation where the state answered not ready because they wanted to receive school records, and presumably that delay could have been at least conceived of as a benefit to the minor at that particular time, which may well have been the reason why the minor's attorney acquiesced and agreed to the continuance. And so what you're doing here is saying that really in the future, your position is that because speed is so essential in your view, you're going to elevate speed over the proper investigation. And as you yourself point out, the consequences of the state meeting, which you have described as a very low burden at the hearing, may be very adverse to juvenile court respondents. If the state is told that this is absolutely mandatory and file it and proceed or you'll lose it, they may file it, proceed, and the result may be very, very negative for many, many, many juvenile respondents. Don't you agree? I actually don't, Your Honor, because when you look at the words of the statute, it says that the hearing merely has to be commenced. And so that's the first half of the hearing, and the first half is where the state has to prove probable cause, which they can do by proffer, which they ought to have anyway if they have a petition for adjudication of wordship in the first place. But at that point, the burden then shifts over to the minor to prove by clear and convincing evidence. It could be that legislature quite easily in this case have said that unless the state conducts a hearing within 30 days or 60 days, the court shall not permit an extended jurisdiction juvenile proceeding to go forward. Couldn't it simply have said that? Of course they could have. But isn't that part of the reason why there's a difference in the cases that you cited? Again, of course they could have said that. But in this case, I think it's just the reason there's no consequence here is because the state is the one that asks for this burden. They put it on themselves. They start their own clock running. And since they can file this motion at any time prior to trial, it's kind of ludicrous that they can't meet the deadline. Shouldn't we consider all the language of the statute? I mean, in addition to that they can file a petition, they may file a petition at any time, doesn't that have some significant meaning for us too? I mean, we've kind of been over this, but doesn't that have some meaning that, hey, they can do this the day before trial? They could, but they didn't in this case, and that's what we have to remember. Do we use that to try to interpret and define whether this is mandatory or directory? Well, yes, I think we should because the state may file this motion at any time. And if they do choose to do so,  I mean, it's totally in the state's hands. They have control over this. They start the clock running. Anything else? I just want to point out too that, you know, holding this provision mandatory does not prevent the juvenile from being prosecuted at all, unlike some other cases that have been cited in the brief. It only prevents the state from obtaining this additional sentence. And if you were to find this statute directory, because the state can file at any time, it renders the language, you know, the 30- and the 60-day deadlines completely superfluous. There's no point in even putting that in the statute in the first place if this is directory. Without reasons, we ask that Marquis' adult sentence be vacated. Thank you very much. Ms. Bond? Good morning, Your Honors. Good morning. Respondent insists that he should not have been sentenced to a state adult term because the state somehow blew the term of the statute by not holding an EJJ hearing within 60 days after the petition was filed. Respondent is wrong. While he is correct that the statute does say the hearing should be conducted between 30 and 60 days after filing. Should? Shall. Shall. Excuse me. That interpretation, nowhere in the statute does it say or support the interpretation that if that hearing is not conducted in this timeframe, the trial court cannot designate the minor respondent EJJ eligible. Essentially, this argument can be disposed of on the grounds that the minor respondent acquiesced to the delays that we are looking at here. The statute doesn't have any provisions for any of these suggestions you made in your brief. There's nothing about that this tolling or there's any term or that, you know, delays of the, if the defendant, or the juvenile rather, agrees to continuance that that somehow tolls this 30-day. There's no language like that. So wouldn't we just be creating some language if we accept your theory here? And then how would we deal with it if the minor's attorney is standing up and saying, no, no, no, don't continue it. We're ready for our hearing today. Would that be a different outcome? It would be a different outcome because I think what's important here, and I do think the speedy trial analogy is a valid one here, because speedy trial, that's a constitutional right. So you're arguing on behalf of the state that if the minor respondent objects, then it's mandatory. If the minor respondent objects, then certainly there would be, if it says it shall be heard within 60 days and the minor respondent is saying, yes, let's go beyond it, then the people's position is that's fine. They back the yes to it. If the minor respondent in this analogy or in this hypothetical says, no, I want to have the hearing, then the state should have the hearing. And if the state doesn't, you're arguing that since that would be a different case, then they would be precluded from ever proceeding on it? Yes. That's an interesting position for the state to take. Well, I mean, I think what it boils down to here is how this court would read the statute in and of itself. Is the statute being read as mandatory or directory? And here the people contend that it would be read directory for several reasons. One, there is no negative language. I think what Justice McBride brought up as far as the statute at issue in Champ and Mathis in those cases, the negative language there was that unless the state requested a hearing, then the court- But it's one of the factors that we're supposed to look at. It doesn't answer the question. No, in conjunction. I mean, there's several things that this court can look at. One is the negative language. Two, whether or not something, the statute in and of itself, prescribes a certain result that needs to occur. By way of example, I think Champ and Mathis is a good example of that because there, unless the state requests a hearing and the people must file that motion within 10 days, then the trial court cannot sentence the minor respondent. What are the other factors? In addition to the negative language, in addition to the prescribing result, also prejudice. Generally, case law supports the notion that if a party suffers no prejudice, then the statute can be looked at as directory as opposed to mandatory. Well, let's get to that right now. One of the complaints of the juvenile is that there is quite a bit of prejudice here because he's facing, at some point, a 23-year sentence because this proceeding was allowed to go forward, and under the statute, he has to be sentenced as a juvenile, and the court has to impose an adult sentence. And in this case, it was a 23-year sentence in the penitentiary. Well, it's the people's position that the minor respondent, and I hate to harp on the acquiescing to the delays, but here he didn't have an attorney until June 21st, a new attorney was appointed. So a delay is necessary. He had one. He had a public defender and then a private attorney was appointed. Right, but he did have, he was represented. He was represented, and then on June 21st, there was a point where his new counsel came in, and presumably a new counsel, not up to speed, especially as Justice Epstein pointed out, that the people were ordering school records, and counsel would need to have that turned over to him because at that point he had not filed his appearance. He would need to get up to speed. So, first of all, the minor respondent, people contend he wasn't prejudiced because his attorney needed those continuances. Secondly, this – Well, that's your presumption. I think it's a fair inference based on the record. For a probable cause hearing? No, I'm just talking about strictly for why this minor respondent's not prejudiced. He could do the probable cause hearing, that part of it, and then if – The day that he was appointed? Or the day he files his appearance? If I can finish. I apologize. The procedure allows and sets up for him to then have a bifurcated hearing where he could then present his evidence on another day, correct? I would presume that if the child court wanted to continue the case, then they could. But here we don't have that. We have a minor respondent acquiescing to the delays. But I – Well, it allows for the 60 days. So on the next day, the lawyer's there and the hearing doesn't get – It doesn't – Doesn't – Right, by agreement. But the statute said that the court should conduct the hearing within 30 days for a probable cause, 60 days. So it doesn't – It does not take place on the 60 days. No. And I don't think that there's any prejudice in that because, as this court is aware, if the legislator wanted to impose a deadline, they could have done so. I actually have written down exactly what you said. But I ask you, what – Is there prejudice? Do we look at the fact that when the hearing is held and the juvenile – which requires this additional adult sentence, is that prejudice that we're looking at or not? No. The delay of time beyond the 60 days is not what put the minor respondent or made the minor respondent EJJ eligible. The minor respondent had his hearing. The statute is just given the minor respondent notice that the people are seeking to designate him EJJ eligible. A hearing shall follow. A trial court should hear it. And if the trial court determines that the minor respondent should be designated as such, that's the proper way the statute played itself out, and that's exactly what happened here. So when we're talking about – Well, what is the point of this 30-day, 60-day – what's the point, then, of any of this? I believe the point would be to not let anything be open-ended. I mean, I think it does serve a purpose in juvenile court that if there's – there's no dilatory practices that are going on. If the whole point is to – But if you want to go through this proceeding and tack on this enormous adult sentence, you should let the respondent know, and you shall hold the hearing within 30 days or, upon good cause shown, 60 days. What's the point of all that? Just to give them a little guidance? Well, it's to make sure that the trial court's on the right track, that if the parties are ready for their hearing, then it should be happening within 30 to 60 days. There's nothing in the statute that says unless – the legislature didn't write the statute that unless the hearing is held within 60 days, the court shall not be able to designate a respondent eligible for EJJ. Well, your position is if you look at the cases, the prejudice is not about, you know, possible consequences later, but whether the hearing somehow deprived him of something at that time, that somehow he was prejudiced by the actual probable cause hearing. The people contend that he was not. My respondent had the hearing, the trial court heard the evidence, and designated him EJJ eligible. As such, it had nothing to do with whether or not the time limit was quote-unquote long. Another reason that this court can look at the statute and determine that it's directory is because the legislature didn't intend absurdity. It would be absurd and unfair, frankly, to allow a respondent to continually ask the trial court to proceed in a particular manner and then turn around and argue on appeal that he was somehow – it was somehow in error. For those reasons, the people contend the negative language, the fact that legislature can prescribe a result within the statute if it wants to, the fact that there was no prejudice, and the fact that the legislature didn't intend an absurd result, that this trial court read the statute as directory, not mandatory. With regard to the minor respondent's argument that the language – respondent's reliance on Champ and Mathis to state that there was a procedural requirement that a hearing must be held within 60 days is misplaced where those cases have been effectively overruled by King. I believe Justice McBride asked what did King say. Essentially, the analysis that King conducted in those cases was whether or not – that was an excluded juvenile jurisdiction issue where a minor respondent could be brought into the adult court for a certain number of crimes. And was found guilty of either the lesser or pled guilty to the lesser. In Champ and Mathis and Brazee, none of – either the state waived the transfer back hearing or simply didn't file it. And in Champ, Mathis, and Brazee, they stated those were unwaivable conditions of precedent. You couldn't waive those. You have to have those. Based on the language of the statute. Now what King essentially did was say that the cases that – that originally got the minor respondent into adult court, that analysis doesn't apply anymore. So essentially Champ, Mathis, and Brazee as far as stating that this statute here was an error and that this sentence is void is not relevant. And then briefly, I just wanted to touch on MW. MW also stands for that any error or irregularity in a proceeding doesn't oust the subject matter jurisdiction of the trial court once it's been acquired. Therefore, section 5810 here prescribes the manner in which the trial court was to proceed within the scope of the justiciable matter before it. And not holding the hearing within 60 days, as we asked to by the minor respondent, was not an unwaivable condition of precedent. So let's try to vest this trial court of subject matter jurisdiction. And if there are no other questions for this court. Thank you, Ms. Bond. Thank you. Any final words, Ms. Philby? I just want to point out that negative language is only one factor that courts consider to determine whether a statute is mandatory or directory. It also looks at legislative intent, which you look at the entire statute, the nature of the object, and the potential consequences. Also, prejudice and looking at prejudice, keep in mind that the minor could potentially be sitting in detention during the pendency of this EJJ hearing. I mean, the speed that this hearing is commenced is important and could potentially have huge consequences for a juvenile. But it doesn't really have any real-life impact because if you were to make this mandatory, they would just file it later. Well, the consequence would be if they filed it when they were ready to have the hearing. But in terms of how much time the minor spends in detention, it would have practically no impact. But then they would also know. I mean, if EJJ is granted, it's a whole new animal. It's a drastically different proceeding. I mean, then you have a right to a jury trial. It changes the tenor of the proceedings. And the juvenile, as well as the juvenile's attorney, would benefit from knowing this as soon as possible. Also, pointing out that King was a guilty plea case and Champ and Jardin did not deal with pleading guilty. For those reasons, we'd ask that you vacate the adult sentence. We thank you both for your presentation. And we'll take the matter under advisement. And if you're ruling in due course.